IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:13-CR-3130 |
| vs. | MEMORANDUM AND ORDER |
| DARIO CABALLERO-ARREDONDO, | |
| Defendant. | |

      This matter is before the Court on the defendant's motion to withdraw his plea. Filing 388. On January 7, 2015, Defendant pleaded guilty to both counts in the second superseding indictment, which charged one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (h). Filing 326. At the change of plea hearing, defendant was fully advised of these charges, his rights, and the possible penalties, during a thorough and complete Rule 11 colloquy. Fed. R. Crim. P. 11; filing 369. The Magistrate Judge found that defendant's plea was knowing, intelligent, and voluntary, and that there existed a factual basis for the plea. Therefore, the Magistrate Judge recommended that this Court accept defendant's plea. Filing 364. On February 2, 2015, having completed a *de novo* review of the record, this Court accepted the Magistrate Judge's recommendation and accepted defendant's plea. This Court also found that a factual basis existed and that the defendant's plea was knowing, intelligent, and voluntarily given. Filing 370.

      A guilty plea is a solemn act not to be set aside lightly. *United States v. Bowie*, 618 F.3d 802, 811 (8th Cir. 2010). The Court may allow a defendant to withdraw his guilty plea only if he shows a "fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). In addition to a "fair and just reason" for withdrawal, the Court may consider whether the defendant asserts his legal innocence to the charge, the length of time between the guilty plea and the motion to withdraw, and whether the withdrawal would prejudice the government. *Bowie*, 618 F.3d at 811. But if a defendant fails to show a fair and just reason for withdrawing his plea, the Court need not address the remaining considerations. *United States v. Teeter*, 561 F.3d 768, 770 (8th Cir. 2009).

      Defendant states that he wishes to withdraw his plea because he pleaded guilty without the benefit of a plea agreement, and he now wishes to

either reach a plea agreement with the Government or proceed to trial. Defendant also states that he wishes to withdraw his plea because he "disagrees with" the presentence investigation report (PSR). Filing 388 at 2. Neither of these reasons suffice. Post-plea regrets by a defendant caused by contemplation of the prison term he faces, or similar reasons, are not sufficient to permit withdrawal of a plea. *See Teeter*, 561 F.3d at 770–71. Defendant's objections to the PSR are before the Court and will be resolved at sentencing.

THEREFORE, IT IS ORDERED:

1. Defendant's motion to withdraw his plea (filing 388) is denied.

Dated this 26th day of March, 2015.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
United States District Judge

- 2 -