IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:13-CR-3130 |
| vs. | ORDER |
| DARIO CABALLERO-ARREDONDO, | |
| Defendant. | |

This matter is before the Court on the defendant's motion (filing 654) seeking "good time" credits pursuant to 18 U.S.C. § 3624(b). But the Court lacks such authority.

District courts are not authorized to award credit for time spent in custody. *United States v. Wilson*, 503 U.S. 329, 332-35 (1992). The Attorney General, through the Bureau of Prisons, has exclusive authority to compute and apply credit for time served. *Wilson*, 503 U.S. at 335; *see United States v. Woods*, 717 F.3d 654, 658 (8th Cir. 2013); *United States v. Frosch*, 496 F. Supp. 2d 1018, 1019-20 (S.D. Iowa 2007).

Prisoners may seek administrative review of the Bureau of Prisons' credit determination. *Wilson*, 503 U.S. at 335; *see also* 28 C.F.R. § 542.10 *et seq*. Only after exhausting administrative remedies may prisoners seek judicial review. *See Wilson*, 503 U.S. at 335; *United States v. Bayless,* 940 F.2d 300, 304-305 (8th Cir. 1991). Only after exhausting his administrative remedies may the defendant seek judicial review—and then, by filing a habeas petition under 28 U.S.C. § 2241 in the district where he is confined. *See United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006); *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). This Court, however, cannot provide relief.

IT IS ORDERED that the defendant's motion (filing 654) is denied.

Dated this 16th day of September, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge